IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL BURRESS,

       Petitioner,

v.                                                                                             Civil Action No. 5:05CV37
                                                                                           Criminal Action No. 5:04CR31
                                                                                           (JUDGE STAMP)

UNITED STATES OF AMERICA,

       Respondent.

## REPORT AND RECOMMENDATION PETITIONER'S § 2255 MOTION BE DENIED AND DISMISSED

### I. INTRODUCTION

On March 24, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] By Order entered on April 25, 2005, the Court ordered the respondent to answer the motion.[2] On June 8, 2005, the United States filed its response to petitioner's motion.[3] Petitioner filed a reply June 29, 2005;[4] a Motion to Appoint Counsel November 4, 2005;[5] a Motion for Summary Judgment June 27, 2006;[6] a Motion for Default

---

[1] Docket No. 15

[2] Docket No. 17

[3] Docket No. 19

[4] Docket No. 21

[5] Docket No. 22

[6] Docket No. 23

Judgment August 30, 2006;[7] a Motion to Reduce Sentence November 1, 2006;[8] and a Motion for Leave to File an Amended Pleading November 30, 2006.[9] On March 27, 2007, the Undersigned recommended denying petitioner's Motion to Appoint Counsel and Motion for Leave to File an Amended Pleading and recommending denying with prejudice petitioner's § 2255 Motion, Motion for Summary Judgment, Motion for Default Judgment, and Motion to Reduce Sentence.[10] On April 5, 2007, petitioner filed a Motion for Leave to File Amended Pleading.[11] On October 1, 2007, petitioner filed a Motion to Amend and Add to § 2255.[12] On February 8, 2008, the Honorable Frederick P. Stamp, Jr., U.S. District Judge, granted petitioner's second[13] and third[14] Motion to Amend and Ordered the undersigned's Report and Recommendation be affirmed in part and denied in part. Specifically, Judge Stamp overruled as moot the recommendation petitioner's § 2255 Motion be denied; affirmed the recommendation petitioner's Motion for Summary Judgment, Motion for Default Judgment, and Motion to Reduce Sentence be denied, but ordered them denied without prejudice; affirmed the recommendation petitioner's Motion to Appoint Counsel be denied. Finally, Judge Stamp ordered petitioner to file the amended pleading on or before February 22,

---

[7] Docket No. 24

[8] Docket No. 25

[9] Docket No. 26

[10] Docket No. 27

[11] Docket No. 28

[12] Docket No. 32

[13] Docket No. 28

[14] Docket No. 32

2

2008. On February 22, 2008, Petitioner filed an Amendment and Addendum to Motion Pursuant to 28 U.S.C. § 2255.[15]

## II. **FACTS**

### A. **Conviction and Sentence**

On November 3, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to an information charging conspiracy to distribute in excess of five grams of cocaine base in violation of Title 21, United States Code, Section 841(b)(1)(B). In the plea agreement, the parties stipulated to total drug relevant conduct of between 35 and 50 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Mr. Burress is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attach [sic], including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives the right to appeal the sentence of Mr. Burress, if the base offense level is determined to be 30 or greater. The parties have the right during any appeal to argue in support of the sentence. (Doc. No. 3, p. 4).

On November 16, 2004 petitioner entered his plea in open court. During the plea hearing, the government presented the testimony of Christopher D. Barbour, a special agent with the Drug Enforcement Agency, to establish a factual basis for the plea. (Plea transcript pp. 22-23). The

---

[15] Docket No. 37

petitioner did not contest the factual basis of the plea. (Id. at 24).

After the Government presented the factual basis of the plea, the petitioner pled guilty to Count 1 of the information. (Id.). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24-25) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 25-26).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the one count information were established beyond a reasonable doubt. (Id. at 26) The petitioner did not object to the Court's finding.

On January 11, 2005, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to a term of 121 months imprisonment and eight years supervised release.

**B.**     **Appeal**

Petitioner did not file a direct appeal.

**C.**     **Federal Habeas Corpus**

Petitioner, in his original § 2255 Motion filed March 24, 2005, alleges his counsel was ineffective in 1) failing to argue petitioner's innocence to the Court; 2) failing to argue petitioner was under the influence of crack cocaine and alcohol when petitioner made a statement to the Task Force and DEA when he was arrested; 3) failing to explain the plea agreement to petitioner; 4) permitting the Assistant United States Attorney and DEA to question petitioner until petitioner lied to the Assistant United States Attorney and DEA to get them to stop questioning him; and 5) failing

4

to address the fact petitioner could prove his innocence because he did not commit the crime listed in the plea agreement.

In his reply brief filed June 29, 2005, petitioner argued his counsel was ineffective for 1) failing to allege petitioner's plea was involuntary because the plea agreement did not mention petitioner's plea to 21 U.S.C. § 846, and 2) failing to argue petitioner should have been granted a reduction for cooperation with the government.

Petitioner, in his <u>first</u> Motion for Amended Pleading filed November 30, 2006, requested leave to file an amended pleading. He did not attach an amended pleading.

Petitioner, in his <u>second</u> Motion for Leave for File Amended Pleading filed April 5, 2007, requested leave to file an amended pleading to add the following instances of ineffective assistance of counsel: 1) failure to file a notice of appeal; 2) failure to challenge the jurisdiction of the court; 3) failure to "challenge the 'act' charged as that of a felony crime that is listed in a non positive law title and before the enactment of action as a penal offense;" 4) failure to challenge the charges under 21 U.S.C. § 841(a)(1) because it fails to list any punishment.

Petitioner, in his <u>third</u> motion to amend filed October 1, 2007, alleged: 1) the plea agreement lacked any signatures on the page of the plea agreement containing his "Blakely" waiver; 2) the information and plea agreement failed to mention petitioner was charged (and pleading to) 21 U.S.C § 846; 3) the Government misrepresented to the Court the terms of the plea agreement by a) stating the agreement had fourteen paragraphs, when in fact it only had thirteen paragraphs, and b) stating the plea agreement represented all the agreements between petitioner and the government; 4) petitioner's statements made to the DEA regarding relevant conduct were made while he was under the influence of narcotics and therefore cannot be considered for purposes of sentence enhancement;

5

5) the government did not adhere to the terms of the plea agreement because its refusal to recommend a sentence reduction for acceptance of responsibility relied on § 3E1.1 of the Sentencing Guidelines when the plea agreement - petitioner alleges - provided for refusal only under § 3C1.1; 6) counsel was ineffective for failing to object to, or argue against, the aforementioned infirmities.

Petitioner, in his amended pleading filed February 22, 2008, alleged 1) the Government failed to uphold the plea agreement and 2) his counsel was ineffective for failing to object to the Government's conduct.

**D.     Respondent's Contentions**

Respondent contends petitioner fails to establish ineffective assistance of counsel.

**E.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket. Petitioner's arguments in his original pleading are without merit. His arguments in his amended pleadings are both without merit and untimely.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the

evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

B.      **"Relation Back" of Petitioner's Amended Claims**

Before assessing the merits of petitioner's claims, the Court must determine which of petitioner's claims were timely filed. Regarding the claims raised by petitioner in his original § 2255 pleading filed March 24, 2005, the Court finds the claims were timely filed because they were filed within one year of January 23, 2005, the date petitioner's conviction became final.[16] See Antiterrorism and Effective Death Penalty Act of 1996, ["AEDPA"], 28 U.S.C. § 2255. Regarding the claims raised by petitioner in his amended pleadings filed April 5, 2007, October 1, 2007, and February 22, 2008,[17] the Court finds the claims were filed outside the one year statute of limitations in the AEDPA and are therefore time barred from consideration, <u>unless</u> found to "relate back" to petitioner's original pleading.

Rule 15(c)(2) of the Federal Rules of Civil Procedure provides for the relation back of amendments to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." The fact an amended claim arises out of the same trial or sentencing proceeding as a claim in the original pleading does not render it arising out of the same "conduct, transaction, or

---

[16] In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires 10 days after the written judgment of conviction is entered on the criminal docket. See Fed. R. Ap. P. § 4(b)(1)(A)(I), (6). Petitioner's Judgment and Commitment Order was filed January 13, 2005. Petitioner therefore had until January 23, 2005 to file a direct appeal. Because petitioner did not file a direct appeal, his conviction became final on January 23, 2005.

[17] Although petitioner filed his first Motion to Amend on November 30, 2006, petitioner failed to allege any additional claims in his motion. Accordingly, the Court does not consider the motion an "amended pleading" for the purposes of the "relation back" inquiry.

7

occurrence" as that original claim.  See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).  Rather, relation back is proper only when the conduct, transaction or occurrence of the amended claim is of the same "time and type" as that of the original claim.  Id. at 318, quoting United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999).

For the following reasons, the Court finds petitioner's amended claims fail to arise out of the same "time and type"of conduct, transaction or occurrence set forth in his original claims and therefore do not relate back to his original pleading.  First, while petitioner alleged ineffective assistance of counsel in both his original and amended pleadings, all but two of the amended claims fail to concern the same "time and type" of conduct by counsel raised in his original ineffective assistance of counsel claims.  See Pittman, 209 F.3d 317-319.  Accordingly, relation back is denied for those claims.  For the two amended ineffective assistance of counsel claims bearing close resemblance to claims in the original pleading,[18] relation back is not necessary for these claims because the amended claims are identical to the original claims and have thereby been considered.

Second, petitioner's allegations in his October 1, 2007 amendment concerning error by the Government and infirmities in the plea and information do not share a common "conduct, transaction, or occurrence" with any claim in his original motion and are therefore denied relation back.

Third, petitioner's allegations in his October 1, 2007 amendment regarding the

---

[18] The two claims, asserted in his October 1, 2007 amendment, are as follows: 1) counsel was ineffective for failing to object to the lack of mention in the information or plea agreement of 21 U.S.C. § 846; 2) counsel was ineffective for failing to object to the use of petitioner's involuntary statements made to the United States Attorney and the DEA.

voluntariness of his statements to the DEA and the lack of mention in the information and plea agreement of 21 U.S.C. § 846 also fail to warrant "relation back." While the allegations serve as the underlying premise for two ineffective assistance of counsel claims raised by petitioner in his original pleading, the conduct at issue in the original and amended pleadings is not of the same "time and type" to warrant relation back. In his original motion, counsel's conduct is at issue. In his amended pleading, the government's, petitioner's, and the judge's conduct is at issue. Accordingly, relation back is not proper. See Pittman, 209 F.3d at 318. Furthermore, because petitioner was aware of any deficiencies in his sentence or plea at the time of his original pleading, relation back should not be granted. See id. at 318.

Finally, petitioner's allegations in his February 22, 2008 amended regarding the Government's conduct and counsel's failure to object to the Government's conduct fail to arise out of any conduct, transaction, or occurrence alleged in his original pleading. Accordingly, relation back is not proper.

For the above reasons, all of petitioner's amended claims do not relate back to his original pleading and are therefore untimely and denied consideration.

## C. Ineffective Assistance of Counsel

Petitioner, in his original pleading filed March 24, 2005, alleged seven instances of ineffective assistance of counsel.[19] Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

---

[19] Petitioner alleged five of the seven instances in his motion filed March 24, 2005. He alleged the additional two in his Brief in Support of his § 2255 Motion filed June 29, 2005.

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Whether counsel's performance was deficient is measured by an objective reasonableness standard. Id. A defendant must demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 698.

In evaluating a post guilty plea argument of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

Petitioner argues only the bald assertion that his counsel was ineffective. Petitioner has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. The plea agreement was summarized at the plea hearing (Plea Transcript, pp. 6-10). Petitioner stated he agreed with all the terms of the plea agreement and reviewed the plea agreement with his lawyer prior to signing it. (Id. at 10). Petitioner understood there was a mandatory minimum sentence of ten (10) years under the plea agreement (Id. at 16). Petitioner testified he fully understood the consequences of his plea. (Id. at 21). Petitioner had no additions or corrections to the factual basis for the plea. (Id. at 24). Petitioner stated that his attorney

adequately and effectively represented him and had left nothing undone. (Id. at 25). Finally, petitioner said he had no defense to the charges and he was, in fact, guilty of the crime charged. (Id. at 26). Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

Prior to the sentencing hearing the Court addressed a letter sent to the Court by Petitioner. (Sentencing hearing transcript, p. 32). The Court heard from petitioner's counsel, the Assistant United States Attorney, and the petitioner. (Id. at 31-44). The petitioner stated he did not want to withdraw his guilty plea, but he did want new counsel (Id. at 33). Petitioner stated some of the arguments he has made in this petition, namely that he was under the influence of crack cocaine when he made his statements to Assistant United States Attorney Bernard and DEA Agent Barbour when he was arrested, that he succumbed to pressure when he later made statements to the government, and that there were things he did not understand some elements of the plea agreement. (Id. at 33-34). Nevertheless, petitioner again admitted he was guilty of the crime charged and not

11

under the influence of crack cocaine at the plea hearing. (Id. at 33-35). The Court for a second time reviewed the major elements of a Rule 11 hearing. Petitioner confirmed his guilt to the crime charged and wanted to enter a plea. (Id. at 33, 38). The sentencing confirmed a second time that the plea was knowing, intelligent and voluntary. (Id. at 44-46). There simply is no basis for petitioner's claim of ineffective assistance of counsel. Defendant's sentence was one month more than the mandatory minimum required by statute. Defendant acknowledged at the plea hearing that he had a ten year mandatory minimum sentence. (Plea transcript p. 16).

## IV. **RECOMMENDATION**

The undersigned **RECOMMENDS** the Court enter an Order **DENYING** and **DISMISSING** with prejudice petitioner's § 2255 Motion. Petitioner's allegations in his original pleading are without merit and his allegations in his amended pleadings are without merit and untimely.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: February 27, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE