IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Criminal Action No. 5:04CR31
                                                        (STAMP)

NATHANIEL BURRESS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S AMENDED
MOTION FOR REDUCED SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)**

I. Background

On September 10, 2009, the defendant, Nathaniel Burress, through counsel, filed an amended motion for reduced sentence pursuant to 18 U.S.C. § 3582(c).

A grand jury indicted the defendant on October 5, 2004, initiating criminal action number 5:04-cr-29 in this Court. The six-count indictment named the defendant in four counts. The counts naming the defendant included one count of conspiracy in violation of 21 U.S.C. § 846 and 841(b)(1)(C), and three counts of aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

On November 15, 2004, the government charged the defendant in a single-count information with conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B), initiating criminal action number 5:04-cr-31. The

defendant executed a plea agreement on November 3, 2004, agreeing to plead guilty to the single-count information.  On page 2, at paragraph 3 of the plea agreement, the government states that the defendant understood that prior to the plea, the government would file an Information pursuant to 21 U.S.C. § 851(a) alleging that the defendant had a previous felony drug offense conviction.  The plea agreement notified the defendant that the § 851 information exposed him to not less than ten years imprisonment and not more than life imprisonment.

Also on November 15, 2009, the government filed a § 851 information in criminal action number 5:04-cr-29-01, the original indictment case.  On November 16, 2009, the defendant entered a plea in this Court to the single-count information in criminal action number 5:04-cr-31.  The defendant advised this Court in the Rule 11 colloquy that he understood the terms of the plea agreement and specifically that he understood the statutory imprisonment range he faced as a result of the plea.  The United States Probation Office prepared a pre-sentence report, which stated the statutory penalty of at least ten years imprisonment.  The defendant did not object.  On January 11, 2005, this Court sentenced the defendant to a 121 month term of imprisonment.  The defendant did not object to the statutory imprisonment range at the sentencing hearing.

On July 13, 2009, the defendant's current counsel filed a motion requesting reduction of the defendant's sentence to 120

months, pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, which this Court granted on July 17, 2009. The defendant appealed his sentence to the Fourth Circuit Court of Appeals on August 3, 2009. Then, on September 10, 2009, the defendant, through counsel, filed this amended motion for reduced sentence, arguing that he cannot be subject to the ten year mandatory minimum because the government filed the § 851 motion in 5:04-cr-29-01, the original indictment case, instead of in 5:04-cr-31, which involves the information to which the defendant pleaded guilty and was sentenced. On September 24, 2009, the defendant filed a motion with the Fourth Circuit to stay proceedings until this Court ruled on this motion. On November 2, 2009, the government responded to the defendant's amended motion. On November 10, 2009, the Fourth Circuit granted the defendant's motion to place his appeal in abeyance pending the outcome of this motion.

## II. Discussion

Before the government can seek enhanced penalties under 21 U.S.C. § 841, it must file an "information" under 21 U.S.C. § 851, which gives notice of the government's intent to seek enhanced penalties prior to trial or the entry of a plea. 21 U.S.C. § 851; United States v. Lincoln, 165 Fed. Appx. 275, 277 (4th Cir. 2006) (unpublished) (per curiam). Congress enacted 21 U.S.C. § 851 with the intent to give defendants notice of the potential for an increased punishment so that the defendant "has the opportunity to contest the accuracy of the information and to allow the defense

3

sufficient time to understand the full consequences of a guilty plea or verdict." Id. (citing United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995)).

Here, the defendant argues that he cannot be subject to the mandatory minimum ten year penalty because the government filed the § 851 information in 5:04-cr-29-01 instead of 5:04-cr-31. Thus, the defendant argues that the statutory mandatory minimum penalty is five years in the case to which he pleaded guilty and was sentenced, 5:04-cr-31.

Where a defendant is provided with a "full and fair opportunity to establish that he is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement," the sentence is properly enhanced by § 851. United States v. Ellis, 326 F.3d 593, 599 (4th Cir. 2003). The defendant had the opportunity to establish that he was not the person convicted of the previous drug felony during his plea hearing. Further, even though the information to which the defendant pleaded guilty did not reference the § 851 information, this Court permissibly enhanced the defendant's sentence on the basis of the prior conviction. See United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (finding that the government did not have to charge predicate convictions in the indictment or submit them to the jury "so long as such a 'subsidiary finding' does not encompass any fact extraneous to the fact of conviction").

In this case, where the government filed the § 851 information in 5:04-cr-29-01, rather than 5:04-cr-31, but the government provided notice to the defendant in the plea agreement and this Court gave the defendant a full and fair opportunity to establish that he was not the individual previously convicted, the defendant cannot prove that the filing of the information in 5:04-cr-29-01 "actually affected the outcome of the proceedings." <u>Ellis</u>, 326 F.3d at 599. Further, the defendant was advised of the ten year mandatory minimum sentence in his plea agreement, in the pre-sentence report and at the sentencing hearing. At no point did the defendant object. Accordingly, his amended motion must be denied.

### III. <u>Conclusion</u>

For the above stated reasons, the defendant's amended motion for reduced sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Fourth Circuit Court of Appeals.

DATED:    December 22, 2009

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE