IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Criminal Action No. 5:04CR31
                                        (STAMP)
NATHANIEL BURRESS,

    Defendant.

**ORDER DENYING THE DEFENDANT'S PETITION
FOR REDRESS OF GRIEVANCE IN ADMIRALTY**

On February 29, 2012, the defendant in the above-styled criminal action filed a motion to reduce sentence, styled as "Petition for Redress of Grievance in Admiralty." After review of the motion, this Court directed the United States to respond to the motion. The United States responded, and the defendant timely replied. For the reasons that follow, this Court finds that defendant's contentions to be without merit and will thus deny the motion.

On November 15, 2004, the government charged the defendant in a single-count information with conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B). The defendant executed a plea agreement on November 3, 2004, agreeing to plead guilty to the single-count information. In the plea agreement, the defendant indicated that he understood that prior to the plea, the government would file an information pursuant to 21 U.S.C. § 851(a) alleging that the defendant had a previous felony drug offense conviction. The plea

agreement notified the defendant that the § 851 information exposed him to not less than ten years imprisonment and not more than life imprisonment.

Also on November 15, 2009, the government filed a § 851 information. On November 16, 2009, the defendant entered a plea in this Court to the single-count information. The defendant advised this Court in the Rule 11 colloquy that he understood the terms of the plea agreement and specifically that he understood the statutory imprisonment range he faced as a result of the plea. The United States Probation Office prepared a presentence report, which stated the statutory penalty of at least ten years imprisonment. On January 11, 2005, this Court sentenced the defendant to a 121 month term of imprisonment.

The defendant now claims that this sentence incorrectly applied the ten-year mandatory minimum because the § 851 information filed in this case was based upon a conviction for which the defendant received a sentence of four months community confinement. The defendant argues that this means that the guideline sentencing range for this conviction under the United States Sentencing Guidelines ("USSG") was no greater than ten months imprisonment. Accordingly, the defendant contends that this offense does not constitute a crime punishable by imprisonment for more than a year, pursuant to the United States Court of Appeals for the Fourth Circuit's recent opinion in United States v. Simmons, 649 F. 3d 237 (4th Cir. 2011). In that case, the Fourth

Circuit mandated that, when determining whether a prior conviction constitutes a qualifying offense for a § 851 enhancement, district courts must determine the maximum sentence that each specific defendant faced for predicate offenses, based upon his personal situation, rather than the maximum sentence that could be faced by a hypothetical defendant with the worst possible criminal history, as was the standard prior to the ruling. See id.

The defendant's argument is based upon a flawed reading of Simmons. In that case, the Fourth Circuit addressed a prior conviction under North Carolina law, which, as the court noted, employs a "unique statutory regime mandated by the North Carolina Structured Sentencing Act." Id. at 240. Under this unique sentencing structure, judges sentencing defendants for violations of North Carolina law are not afforded discretion to impose sentences outside what is established by the Structured Sentencing Act. As stated by the Fourth Circuit, the North Carolina regime "does not establish a 'guidelines system[]'; rather, it mandates specific sentences." Id. at 244 (citing State v. Norris, 360 N.C. 507 (2006)) (emphasis in original).

Unlike under the North Carolina system, the federal sentencing system establishes guideline ranges based upon a defendant's offense, his criminal history, and other contributing factors, but allows a sentencing judge to vary or depart from that range should the judge see fit. Should a sentencing judge desire to vary or depart upward from the guideline range, he may do so up to the

3

statutory maximum sentence established for the offense of which the defendant is convicted.  See United States v. Rodriquez, 553 U.S. 377, 390 (2008).  In this case, the predicate offense of which the defendant was convicted was distribution of marijuana within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  At the very least, conviction of this offense carries a statutory maximum sentence of "not more than five years."  21 U.S.C. § 841(D).  While the defendant argues that his maximum sentence under the USSG was less than one year, unlike in Simmons, the defendant's sentencing judge was free to use his discretion to depart upward from this range to impose a sentence of more than one year upon this defendant.  Accordingly, this defendant faced a possible sentence of more than one year for his predicate conviction of a violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and the enhancement under § 851(a) was appropriate.

For the reasons stated above, the defendant's petition for redress of grievance in admiralty (ECF No. 77) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    June 21, 2012

>                    /s/ Frederick P. Stamp, Jr.
>                    FREDERICK P. STAMP, JR.
>                    UNITED STATES DISTRICT JUDGE